*1276 OPINION.
Sternhagen:
Although, in words of common speech, the petitioners sold their assets for cash, an elaborate argument is offered to demonstrate that the transaction was an “ exchange,” and therefore requires consideration of section 203(b) and (e), Revenue Act of 1926, and, furthermore, that it was a “ reorganization,” as defined in that section, and hence that no gain or loss on the “ exchange ” will be recognized. The argument is so plainly unsound that its fallacy is demonstrable in a few words.
The terms “ sale ” and “ exchange ” are to be applied to promote the intendment of the taxing act. While for other purposes the words may be interchangeable, see Williston on Sales, Uniform Sales Act, the Revenue Act for its own purposes applies the word “ sale ” to a transaction in terms of money. As to such transactions the general rule applies that gain or loss shall be recognized and that its computation shall be based’ on cost of property acquired after March 1, 1913. It is the exceptional cases alone in which gain or loss is not to be recognized and such exceptions are confined to exchanges involving circumstances expressly described. A sale for cash is not among the enumerated exceptions. Cf. W. B. Geary, 6 B. T. A. 1109; Pinellas Ice & Cold Storage Co., 21 B. T. A. 425. The sale *1277 here in question was no less a sale because the vendor was contractually obligated to distribute its assets and dissolve. Detroit Egg Biscuit & Specialty Co., 9 B. T. A. 1365.
This consideration requires the decision that respondent correctly applied the statute to the transaction and affirms his determination. We may add, however, that were it necessary to pass upon petitioners’ further argument, it could not be found that there was, as to petitioners, a reorganization under the statute. State Bank of Bloomington, 11 B. T. A. 66; Rudolph Bergfeld, 19 B. T. A. 312; Pinellas Ice & Cold Storage Co., supra.

Judgment will he entered for the respondent.